Filed 11/20/13  P. v. Todek CA2/6
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JESSE DANIEL TODEK,<br><br>    Defendant and Appellant. | 2d Crim. No. B245788<br>(Super. Ct. No. 1411264)<br>(Santa Barbara County) |

Jesse Daniel Todek appeals the judgment following his conviction by jury of second degree robbery (Pen. Code, §§ 211, 213, subd. (a)(2)).[1]  Appellant waived jury on the prior prison term allegation (§ 667.5, subd. (b)), which the trial court found to be true.  The court sentenced appellant to six years in state prison, comprised of five years for the conviction and one year for the prior prison term enhancement.  It also ordered him to pay a $10,000 restitution fine (§ 1202.4, subd. (b)), and imposed and stayed a $10,000 parole revocation fine (§ 1202.45).  Appellant was granted 185 days of presentence credit.

Appellant correctly asserts the prosecutor erred by suggesting during closing argument that the defense bore the burden of proof.  Any harm, however, was

---

[1] All statutory references are to the Penal Code.

cured by defense counsel's prompt objection and the trial court's subsequent admonition to the jury. We affirm.

## FACTS

On May 24, 2012, at approximately 11:00 p.m., Joel Ochoa started walking home from his girlfriend's house in Lompoc. A short while later, he was approached by appellant and another man, who were carrying beers and staggering. Appellant said something in English, which Ochoa thought was a request for cigarettes. A native Spanish speaker, Ochoa knew "some" English, mostly common words. Ochoa handed appellant a pack of cigarettes, which appellant struck out of his hand. Still speaking in English, appellant asked Ochoa, "Where are you from?" Believing he was asked if he was in a gang, Ochoa responded that he "was a paisa," meaning he was not affiliated with a gang.

Appellant demanded money, saying in English, "Where's the money, fool?" After Ochoa refused to give him money, appellant hit him and threw him to the ground. When appellant was unable to find Ochoa's wallet, he made a motion that Ochoa interpreted as reaching for a weapon. Fearing for his life, Ochoa handed over his wallet, which contained over $100 in cash and two keys. Appellant and his companion ran away.

Ochoa called the police on his cell phone. Based on Ochoa's description, the police found appellant a few blocks away. Ochoa identified appellant as his attacker and also identified certain items in appellant's possession, including the pack of cigarettes, keys and a $100 bill. Ochoa suffered scrapes on his arm and leg, consistent with the described attack.

Appellant presented no evidence on his behalf.

## DISCUSSION

Appellant contends his conviction must be reversed because the prosecutor committed prejudicial misconduct. We disagree.

During her closing argument, appellant's trial counsel contended appellant was guilty of theft, but not robbery. She argued that Ochoa was confused and scared by

2

two intoxicated men speaking to him in English, and that he voluntarily gave them his wallet when they asked only for cigarettes and a lighter.  Counsel further argued that Ochoa's injuries were inconsistent with an assault.

In rebuttal, the prosecutor reviewed the evidence supporting the prosecution's theory.  He then stated:  "All of her [defense counsel's] statements, all of her defenses, all her arguments are totally unreasonable and totally unsupported by the evidence.  [¶]  The People have a burden of proof, and that's proof beyond a reasonable doubt, and we met that burden.  But if you want to actually believe the garbage that she just put up in front of you, hold her to that same burden, because the evidence doesn't support --"  The trial court sustained defense counsel's immediate objection.  At appellant's request, the court admonished the jury:  "Again, ladies and gentlemen, it is the People's burden to prove the elements of the charges beyond a reasonable doubt.  The defense has no burden.  It is not the defense's burden to prove the defendant is not guilty. It is the People's burden to prove the defendant is guilty beyond a reasonable doubt."

The People concede "it is improper for the prosecutor to misstate the law generally [citation], and particularly to attempt to absolve the prosecution from its prima facie obligation to overcome reasonable doubt on all elements [citation]."  (*People v. Marshall* (1996) 13 Cal.4th 799, 831; *People v. Weaver* (2012) 53 Cal.4th 1056, 1077; see *People v. Bradford* (1997) 15 Cal.4th 1229, 1340 ["A distinction clearly exists between the permissible comment that a defendant has not produced any evidence, and on the other hand an improper statement that a defendant has a duty or burden to produce evidence, or a duty or burden to prove his or her innocence"].)  Here, the prosecutor improperly advised the jury to "hold" the defense to the same burden of proof as the prosecution.  Even if we assume this was prosecutorial misconduct, reversal is not required unless the defendant was prejudiced by the misconduct.  (*People v. Fernandez* (2013) 216 Cal.App.4th 540, 564.)  Prejudice occurs only if it is reasonably probable the defendant would have obtained a more favorable result absent the misconduct.  (*People v. Tully* (2012) 54 Cal.4th 952, 1010; *People v. Crew* (2003) 31 Cal.4th 822, 839.)

3

By promptly admonishing the jury as to the correct burden of proof, the trial court cured any harm caused by the prosecutor's error.  (See *People v. Friend* (2009) 47 Cal.4th 1, 80 [although prosecutor's comment constituted error, trial court's admonition cured any prejudice to defendant]; *People v. Olivencia* (1988) 204 Cal.App.3d 1391, 1404 [court's admonition cured misconduct because jurors are presumed to follow court's admonitions].)  Moreover, the evidence against appellant was compelling.  Shortly after the attack, appellant was apprehended and identified.  He was in possession of the victim's property.  Thus, it is not reasonably probable that appellant would have obtained a more favorable result absent the error.  (See *People v. Tully, supra,* 54 Cal.4th at p. 1010; *People v. Crew, supra,* 31 Cal.4th at p. 839.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:



GILBERT, P. J.



YEGAN, J.

4

Patricia Kelly, Judge

Superior Court County of Santa Barbara

_____

Stephen K. Dunkle, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, Jonathan J. Kline, Deputy Attorney General, for Plaintiff and Respondent.